Bichardson, J.,
delivered tbe opinion of tbe court:
Tbe claimant, Taggart, being a judgment debtor to tbe United States, voluntarily assigned to tbe defendants, through tbe agency of a United States district attorney, as collateral . security therefor, a judgment for a larger'amount which be had recovered against one White, a mail contractor.
Tbe claimant made some payments on bis judgment, and on a final accounting January 10,1879, it was found by tbe accounting officers that tbe balance due from him was $1,119.90. At that time tbe defendants owed White, as mail contractor,, tbe sum of $2,000, which bad been held back and reserved to await tbe determination of tbe officers of tbe Treasury Department as to bow much of it, if any, should be set off and applied to tbe payment of tbe judgment thus held by them as collateral security for tbe claimant’s indebtedness.
Taggart’s judgment against White was for more than $2,000, and Taggart appeared before tbe accounting officers and claimed that they should apply tbe whole amount due White, in set-off and payment to that extent, on bis said judgment, retaining for tbe United States tbe sum of $1,119.90, which was tbe balance of bis indebtedness to tbe defendants, and paying over to him, *327 the said Taggart, the remaining portion of the $2,000, to wit, $880.10, as collected for his use. This the accounting officers declined to do, holding that they could set off only so much of White’s credit toward 'payment of Taggart’s judgment against him as would satisfy the claim of the United States against Taggart, for which the White judgment was held as collateral, and that they could make no set-off for the benefit of Taggart beyond the interest of the United States therein. So they set off $1,119.90 from White’s credit of $2,000, applied it toward satisfaction of the judgment against him, and allowed the amount to the claimant, and thus settled and discharged the indebtedness of the claimant to the defendants; and the balance was paid to White.
The claimant now sues for the $880.10 which was paid to White. He urges that when he assigned his judgment- against White to the United States the latter was bound to collect the whole amount when, as lie alleges, the means off doing so was within the power of the public officers, by way of set-off out of money due from the defendants to White.
Where a person is both debtor and creditor of the United .States, in any form, the officers of the Treasury Department, in settling the accounts, not only have the power, but are required in the proper discharge of their duties, to set off the one indebtedness against the other, and to allow and certify for payment only the balance found due on one side or the other. Section 1736 oftlieBevised Statutes so provides, and special provisions on the subject, to meet the case of judgments recovered against the United States “ or other claim duly allowed by legal authority,” are made by the Act of March 3, 1875, ch. 149 (1 Supplmt. to B. S., p. 185). But the right of set-off in such cases exists independently of those special enactments, and is founded upon what is now section 236 of the Bevised Statutes, as follow's:
- “Sec. 236. All claims and demands whatever, by the United States or against them, and all accounts whatever in which the United States are concerned, either as debtors or creditors, shall be settled and adjusted in the Department of the Treasury.”
The duty of the accounting officers in matters of set-off has frequently been recognized by the courts. (McKnigWs Case, 13 C. Ols. B., 306, affirmed on appeal; Boomafon’s Case, 14 O. Cls. B., 489.) But it does not extend beyond the interest of the *328 United States in the matters involved in the settlements. In the absence of statute authority, neither the accounting officers of the Treasury nor any other public officers can make the United States agents or trustees for the collection of private debts between citizens, nor make contracts in relation to the taking of security for the payment of debts due to the government, so as to bind the United States for any breach of the contract by neglect or otherwise.
It is not generally within the duty of public officers to take collateral security, and whenever they do so they are usually acting beyond the scope of their official authority, and the United States are not bound by their agreements. District attorneys and other officers, looking to the best interest of the government, do sometimes accept such security, without releasing the debtors or subjecting the United States to lability; and so far as the arrangements are consummated for the benefit of the government, they may be upheld, and the officers commended for their vigilance and zeal in the public service.
Whether or not the assignment of a debt in such cas.e vests a claim in the United States, which may be set-off against the demand of the debtor who is a creditor of the government, without his consent and against his objection, it is not necessary to express an opinion, since in this case the validity of the action of the accountiug officers, so far as they went, is not drawn m question; besides, it does not appear that White objected to the set-off which was effected, and it may perhaps be inferred that he assented to it. (Macauley’s Case, 11 C. Cls. E., 693; 1 Opin., 676.)
In the present case the claimant had no agreement with the district attorney or other public officer for the collection of his judgment against White. He merely voluntarily assigned the judgment to the defendants to secure his own indebtedness. It was to be used, of course, by the defendants officers, as circumstances would permit, for the benefit of the government. The accounting officers collected so much of it, by way of set-off, as would pay the claimant’s debt to the government. When they had done that their official duty was fully discharged. They could not retain White’s money in order to pay with it his debt to Taggart, in which the United States had no interest. In fact, when the accounting officers had set off sufficient from White’s credit to pay the debt of Taggart, the assignment of *329 the latter of his judgment against White had no further force, and the balance of the judgment reverted to him, and needed no reassignment, it, indeed, anybody had authority to excute one. The purpose for which the assignment had been given was executed and fully consummated.
While under the circumstance (White not objecting) the accounting officers were fully justified in retaining the money of White and making the set off to the extent of the interest of the United States therein, we are of opinion that they were not bound to go any further and collect the balance of the claimant’s debts for his sole benefit. Had White voluntarily paid to the defendants his whole debt to Taggart, and the money had gone into the public Treasury, the defendants would no doubt be liable for the excess above what was due the United States as money had and received to his u$e. But that is not this case.
The accounting officers of the Treasury have done all that their official duty required in the matter. That they have not done more is no fault of the defendants. The United States have no money of the claimant in their Treasury, and have done him no damage. His petition must be dismissed.
Nott, J., was not present at the hearing of this case, and took no part in its decision.